Birdie Amsterdam, J.
Tollefsen Bros., Inc., and/or George Tollefsen and Margaret A. Tollefsen doing business as Tollefsen Bros., the defendants in the within action (hereinafter referred to as defendant), move for summary judgment and for judgment dismissing the complaint. The action is in negligence for personal injuries arising out of an accident to plaintiff on January 15, 1954 aboard a United States Navy Vessel while *30 plaintiff was performing work thereon as a welder in the employ of Ira S. Bushey and Sons, Inc. (hereinafter referred to as Bushey). In essence, the complaint alleges that defendant, pursuant to contract, was engaged in cleaning and sandblasting on board said vessel and that due to its negligence, plaintiff was caused to slip on accumulations of sandblasting material and was precipitated into a large hole in the deck caused by defendant.
In March, 1955 plaintiff had commenced a libel in the United States District Court against the United States of America. Therein the United States impleaded plaintiff’s employer, Bushey, charging primary negligence. The latter in turn impleaded this defendant, a subcontractor, asserting that if the libelant was injured due to causes, among others, in allowing the sandblasting material to accumulate on the deck and permitting an opening to remain therein, those conditions were the fault of this defendant. The Federal action was tried before the court without a jury and by final judgment on July 27, 1960 the libel was dismissed. In the interim, this action was commenced in December, 1956 against the defendant, subcontractor, who, as afore-stated, had been impleaded in the Federal action by the plaintiff’s employer. Defendant now moves for dismissal upon the ground of prior adjudication.
The rule of res judicata is stated in Corpus Juris Secundum (Yol. 50, Judgments, § 686, p. 141) as follows: “A fact or question which was in issue in a former suit, and was there judicially passed on and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, as far as concerns the .parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, on either the same or a different cause of action, while the judgment remains unreversed, unmodified, or unvacated by proper authority.” What was passed upon and determined in the Federal court? Was the subcontractor exonerated and hence entitled to exoneration here? Whatever rights this plaintiff had against this defendant in the Federal tribunal are the rights on which plaintiff here relies. In the Federal action the court found as fact:
" Under its contract with Bushey, respondents Tollefsen were required to sandblast designated areas of the ABD-7 and, within one week after sandblasting, clean up loose sandblast shot and paint the sandblasted area.
“ The deck of the ABD-7 was painted on or shortly after *31 January 2, 1954, and all sandblast shot had been cleaned up shortly prior thereto. There was no loose sandblast shot aboard the ARD-7 at the time of libelant’s alleged accident. # * *
“Libelant’s alleged accident was not caused or contributed to by the presence of any loose sandblast shot in the area ’ ’
and as conclusions of law that the court had jurisdiction of the suit and of the parties thereto, that the vessel was not subject of any warranty of seaworthiness in favor of the libelant; that United States of America did not breach any warranty of seaworthiness; had surrendered control of the vessel to the impleaded employer with respect to the area where the libelant was working and the conditions under which he was working; that the United States was under no duty to provide libelant with a safe place in which to work; that the libel should be dismissed as well as the impleading petition of the United States against the employer defendant as well as the impleaded petition of the employer defendant against the subcontractor — this defendant. There were no findings of fact upon other specified acts of negligence and particularly the specification relating to a hole in the deck.
At the inception of the trial it was agreed by counsel that if it was found from the facts that the United States is not responsible to the plaintiff his case was at an end and that in order that there be any recovery it must be first found that the libelant was entitled to a decree against the United States, otherwise the case is at an end and the question between the other parties becomes moot.
There was not a verdict in favor of any defendant but a dismissal of the libel and of the interpleading petitions. Moreover, rule 56 of the Rules of Practice in Admiralty and Maritime Cases (in U. S. Code, tit. 28, Appendix [1958 ed., p. 5235]) provides: “ In any suit, whether in rem or in personam, the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person (individual or corporation) who may be partly or wholly liable either to the libellant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter. This shall be done by petition, on oath, presented before or at the time of answering the libel, or at any later time during the progress of the cause that the court may allow. Such petition shall contain suitable allegations showing such liability, and the particulars thereof, and that such other vessel, or person *32 ought to be proceeded against in the same suit for such damage, and shall pray that process be issued against such vessel or person to that end. Thereupon such process shall issue, and if duly served, such suit shall proceed as if such vessel or person had been originally proceeded against; the other parties in the suit shall answer the petition; the claimant of such vessel or such new party shall answer the libel; and such further proceedings shall be had and decree rendered by the court in the suit as to law and justice shall appertain.” Thus under this rule plaintiff in the Federal action became a libelant as to all the remaining parties to that action. Nevertheless, the court there proceeded upon the basis of the pretrial colloquy and did not determine in favor of or against the libelant as to each and every other party upon the tendered issues of negligence, but rather dismissed plaintiff’s libel and dismissed the interpleading petitions.
There was no conclusion of law in favor of the employer and subcontractor on the merits. The sole effective conclusion was that the United States was under no obligation and, accordingly, the petition was dismissed and thereupon the interpleading petitions were dismissed. The conclusion of dismissal was irrespective of any liability against the employer and subcontractor arising by reason of negligence but flowed rather from the conclusion that no obligation on the part of the United States existed. There was not passed upon and determined the question of obligation running from the interpleaded defendants and breach thereof. There was no exoneration upon the issue here tendered. Regardless how the result was otherwise reached, it was inevitable, after the parties agreed, that all matters affecting the impleaded defendants were academic if the United States was not obligated to the plaintiff. There being no such obligation present, the obligations of the other defendants and breach thereof were not reached.
The judgment recites that by the court’s decision the libel and the impleading petitions should be dismissed. By virtue of the course which the the other action took, the issue here must be litigated. It may be further observed that provision was made in the judgment and decree that the United States recover from the libelant costs as taxed but they were not fixed and imposed. There was fixed and imposed only the costs of the defendant’s subcontractor, this defendant, against the defendant employer. Thus, no costs were asked by or fixed in favor of either of the impleaded defendants against the libelant. The motion is denied.